**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

————————————————————————————

**In re:**

**JOSEPH D. GODSEY, JR.,**

**CASE NO. 04-23492**

**Debtor.**     **DECISION & ORDER**

————————————————————————————

**John A. Belluscio, Esq.**        **Gabriel J. Ferber, Esq.**
**Attorney for Debtor**            **Nesper, Ferber & DiGiacomo, LLP**
400 Wilder Building                **Attorneys for Creditor GMAC**
One East Main Street               One Towne Center, Suite 300
Rochester, New York 14614          501 John James Audubon Parkway
                                   Amherst, New York 14228

## BACKGROUND

On August 12, 2004, Joseph D. Godsey, Jr. (the "Debtor"), filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) he was the owner of a 2004 Saturn Vue (the "2004 Saturn"), which had a current market value of $12,000.00; and (2) there was a balance of $19,693.00 due to General Motors Acceptance Corp. ("GMAC"), which held a purchase money security interest and lien on the Saturn.

On November 22, 2004, the Debtor converted his Chapter 7 case to a Chapter 13 case. On December 7, 2004, the Debtor filed a Chapter 13 Plan (the "Plan") which, pursuant to Sections 506,

1322(b)(2) and 1325(a)(15), proposed to: (1) value the 2004 Saturn at $14,810.00; (2) pay GMAC the $14,810.00 as an allowed secured claim, together with interest at the rate determined by the Court at the time of the confirmation of the Plan; and (3) treat the balance due GMAC as an unsecured claim.

On March 1, 2005, GMAC filed an Objection to the Confirmation of the Debtor's Plan (the "GMAC Objection"), which asserted that: (1) the Retail Installment Contract with Smart Buy Rider (the "Financing Contract") that the Debtor and GMAC had entered into was an executory contract which the Debtor must either assume or reject as a part of any confirmable plan; and (2) the Financing Contract was executory because:  (a) the Debtor was required to make forty-seven monthly payments of $269.41 and a final installment payment of $7,325.00 (the "Balloon") on March 17, 2008; (b) under the Smart Buy Rider portion of the Financing Contract, as an alternative to paying the Balloon, if the Debtor was otherwise current on his payments, he had the option to sell the 2004 Saturn back to GMAC, under certain terms and conditions, and if the Debtor met those terms and conditions, GMAC was required to purchase the vehicle; and (c) as a result, there were material obligations due under the Contract on the part of both the Debtor and GMAC.

On March 10, 2005, the Chapter 13 Trustee (the "Trustee") filed a Reply (the "Reply") to the GMAC Objection, which asserted

that: (1) the traditional definition of an executory contract requires that at the time a bankruptcy petition is filed, there remains substantial or material performance due by each party to the contract; (2) the only performance required by GMAC under the Financing Contract would be to purchase the 2004 Saturn in the event that, after the initial forty-seven month term of the contract, the Debtor elected to sell the vehicle to GMAC, rather than to pay the Balloon (the "Purchase Option"); and (3) the Financing Contract was no different than a traditional retail installment contract, and the Debtor, as the owner of the 2004 Saturn subject to a security interest in favor of GMAC, was permitted by Sections 506, 1322 and 1325 to reduce the secured claim of GMAC to the replacement value of the 2004 Saturn and treat the remainder of the GMAC claim as unsecured.

At oral argument on March 14, 2005: (1) the Debtor and his attorney joined in the position set forth in the Reply; and (2) GMAC asserted that if the Debtor failed to assume the Financing Contract in his Plan, thereby rejecting it, GMAC was entitled to have the stay lifted so that it could exercise its rights as a secured creditor.

Case 2-04-23492-JCN   Doc 54   Filed 05/16/05   Entered 05/16/05 14:21:06   Desc Main
Document      Page 3 of 6

**DISCUSSION**

The Debtor's only remaining obligation is to pay for the 2004 Saturn, and GMAC's only obligation is to accept payment. The fact that various payment options are available to the Debtor is irrelevant once the Debtor waives those options. Cleverly terming the duty to accept payment in kind as an "Obligation to Repurchase" does not turn a simple loan repayment into an "Executory Contract," at least where, as here, the Debtor is waiving that option.

That said, the Court makes the following findings of fact and conclusions of law:

1.  The Financing Contract, consisting of GMAC's standard Retail Installment Contract and Smart Buy Rider, is not an executory contract for purposes of the Bankruptcy Code and Rules, since substantial and material performance is not required by both parties to the Contract;[1]

2.  The Debtor is the owner of the 2004 Saturn, subject to a security interest and lien in favor of GMAC for the balance of the amounts which it financed as set forth in the Financing Contract;

---

[1]     This Court adopts Professor Countryman's definition:

> An executory contract is a contract under which the obligation of both the bankrupt and other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other. Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn.L.Rev. 439, 460 (1973).

3.  As the owner of the 2004 Saturn, subject to the security interest and lien of GMAC, the Debtor can exercise his rights under Sections 506, 1322 and 1325 to pay through his Plan, as an allowed secured claim, the replacement value of the 2004 Saturn, together with interest as determined by the Court in its Confirmation Order, and to treat the balance of the GMAC claim as unsecured, which will also be paid as provided for in the Confirmed Plan;

4.  By exercising his rights under Sections 506, 1322 and 1325, the Debtor has waived, for purposes of the payment and implementation of the Plan, any and all rights under the Smart Buy Rider to take advantage of the Purchase Option;

5.  Since the Financing Contract is not an executory contract, the Debtor is not required in his Plan to assume or reject it, and his waiver of the Purchase Option in connection with the payment and implementation of the Plan while the Chapter 13 case is pending, does not result in GMAC, which is merely a secured creditor with respect to the 2004 Saturn, having the right to have the stay lifted so that they can exercise any rights as a secured creditor under the Financing Contract.[2]

---

[2] The Bankruptcy Judges for the United States Bankruptcy Court for the Western District of New York are all in agreement that the GMAC Financing Contract used in Western New York, consisting of its standard Retail Installment Contract and Smart Buy Rider, is not executory.

**Page 5**

## <u>CONCLUSION</u>

The Objection of GMAC to the confirmation of the Debtor's Plan is overruled. The claim of GMAC shall be paid the replacement value of the 2004 Saturn, along with the Court determined interest under the Plan as a secured claim, and the balance of its claim shall be treated as an unsecured claim. If the parties cannot agree on the replacement value, it shall be determined by the Court.

**IT IS SO ORDERED.**

_____/s/_____
**HON. JOHN C. NINFO, II**
**CHIEF U.S. BANKRUPTCY JUDGE**

**Dated: May 16, 2005**